United States District Court
Southern District of Texas
**ENTERED**
January 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-3945 |
| | § | |
| FLAGSTAR BANK, FSB, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Joseph Smith has a homeowner's mortgage that he has not paid. (Docket Entry No. 1-2 at 17–18). He nonetheless claims that he has satisfied the mortgage loan debt and that Flagstar, the bank that holds his note, owes him money. (*Id.* at 18–20). Smith's claim is supported by language judges see far too often, asserting rights of a "sovereign citizen" to avoid paying debts. (*Id.* at 21). After considering Mr. Smith's allegations, the court finds that he states no claim upon which relief can be granted. This case is dismissed, with prejudice because a pleading amendment would futile. The reasons for these rulings are stated below.

Smith alleges that he entered into a contract with Flagstar to borrow $279,837. (Docket Entry No. 1 at 4). His allegations about the contract are not factual allegations, but a series of conclusory statements that fraud is involved, Smith's obligation was met, and Flagstaff was involved in unjust compensation, selling private and personal information, and infringing Smith's privacy rights. (*Id.* at 4–5).

Smith alleges that the loan was a contract and that Smith gave Flagstar a debenture or a remittance coupon to pay his debt under the loan. (*Id.* at 4). The problem is that neither alleged

payment method—a debenture or a remittance coupon—are valid means to repay the loan. As the defendants note, courts routinely dismiss sovereign citizen complaints against mortgage servicers, including when, as here, the complaints involve unconventional payment methods. *See Price-Rodgers v. Compu-Link*, 2020 WL 3866667, at *3 (M.D. Ala. June 17, 2020), *report and recommendation adopted*, 2020 WL 3833087 (M.D. Ala. July 8, 2020); *Haywood v. Tex. Realator*, 2023 WL 5597346, at *2 (N.D. Tex. Aug. 7, 2023), *report and recommendation adopted*, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023).

Smith also alleges fraud, but he does not meet the heightened pleading requirement to support a valid fraud accusation. Flagstar's motion to dismiss the complaint filed by Joseph Smith is granted. (Docket Entry No. 3). The complaint is dismissed, with prejudice, because any amendment would be futile.

SIGNED on January 23, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge